BLISS and another *v.* MERRILL and another.

*(Circuit Court, S. D. New York. December 7, 1887.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—SHIP LOGS.

Reissued letters patent No. 10,625, granted July 21, 1885, for an improvement in registering logs of ships, the original patent being dated June 6, 1876, and the original application filed February 16, 1876, for an elongated cylindrical case containing the registering mechanism, with the shaft introduced axillary at one end, in combination with anti-friction rollers, eye, propeller, and connecting cord or wire, *held* to be infringed by a registering apparatus which has an elongated cylindrical case containing the registering mechanism, a shaft introduced axillary at one end, and the anti-friction rollers and the eye adapted to receive the propeller cord, all substantially in the same combination as the patent.

2. SAME.

Reissued letters patent No. 10,625, for a horizontal attaching-yoke, in combination with the elongated case, registering mechanism, and shaft of a ship log, is not infringed by providing the elongated case with eyes to which a rope may be attached in such a manner as to constitute infringement, there being no evidence that the defendants ever used it in this manner, and the device being susceptible of a perfectly innocent use.

3. SAME—PRIORITY OF INVENTION—FOREIGN PATENT.

In an action upon reissued letters patent No. 10,625, granted to the complainants, July 21, 1885, for an improvement in registering logs of ships, the original patent being dated June 6, 1876, and the original application filed February 16, 1876, there was evidence that a patent substantially the same was sealed in England, July 27, 1875. *Held,* that the peculiar coincidence that the same idea, alike even in minute details, should have occurred to two persons on different continents without having seen the other's device, in absence of satisfactory evidence, will not warrant the court in rejecting the positive testimony of the complainants that they conceived their invention prior to May 6, 1875.

In Equity. Bill for injunction.

*Edwin H. Brown,* for complainants.

*A. M. Pierce,* for defendants.

COXE, J. This action is founded upon reissued letters patent No. 10,-625, granted to complainants July 21, 1885, for an improvement in registering logs of ships. The original patent was dated June 6, 1876. The

original application was filed February 16, 1876. Prior to the invention, logs had been constructed with the registering mechanism in a circular or drum form, attached to the ship by means of a yoke or with gimbals, like a compass or chronometer; they had also been made with an elongated registering mechanism and the propeller in one apparatus, which was fastened to a line and thrown overboard. These logs were found to be expensive, inaccurate, and cumbersome. They were liable to get out of order and to be lost. The object of the present invention was to provide a simple and inexpensive in-board log; the elongated case containing the registering apparatus being attached to the taffrail of the vessel, and connected by a line with a distant propeller, rotating in the water. The case is provided with a spindle or shaft, the end of which protrudes to receive the line of the rotator. Motion is thus communicated to a series of wheels, which move the indexes on the dials, thus indicating the vessel's speed. The claims in controversy are as follows:

"(2) An elongated cylindrical case containing the registering mechanism, with the shaft, $c$, introduced axillary at one end, in combination with the antifriction rollers, $h$, eye, $d$, propeller, and connecting cord or wire, substantially as set forth. (3) The horizontal attaching-yoke, $m$, in combination with the elongated case, $a$, registering mechanism, $b$, and shaft, $c$, substantially as set forth."

In view of the disasters which usually befall reissues, it is curious to note that, although the patent in suit was granted more than nine years after the original, no accusation is made against it as a reissue. The object of the reissue was to correct a clerical error merely.

The defenses are lack of novelty and invention, and non-infringement.

The invention of the second claim is not anticipated by any of the prior patents or exhibits. The English patent to Reynolds describes substantially the same combination, but, though prior to the complainants' patent, it was not prior to their invention. This patent was sealed July 27, 1875. It was therefore on that day that the invention was made patent to the public. Smith v. Goodyear, 93 U. S. 486, 498. The complainants, if they are to be credited, conceived their invention prior to May 6 of that year. Their testimony in this regard is to some extent corroborated by other witnesses, and by presumptions drawn from collateral facts and circumstances. It is true that this portion of the proof is hardly susceptible of denial. It lies almost wholly within the knowledge of the complainants. A direct attack upon a position founded upon such evidence is, except in rare instances, out of the question. But the difficulties which surround the defendants do not exonerate them from presenting some satisfactory proof, either direct or circumstantial, to traverse the positive assertion of the complainants. Instead of this, there is nothing but the intangible presumption arising from the somewhat peculiar coincidence that the same idea, alike even in minute details, should have occurred to two persons on different continents without one having seen the other's device. But it is entirely clear that the court would not be warranted in rejecting the positive testimony of two respectable and unimpeached witnesses upon a mere sus-

picion of this character. The date of the invention must be fixed as stated by the complainants. The witness who testified to sales of the "Reynolds Log" in July, 1875, omitted to give a description of the logs so sold. The court can hardly assume, in the absence of all proof, that the "Reynolds Log" was the one described in the Reynolds patent, and, besides, the complainants' invention antedates these sales also.

There can be no doubt as to the infringement of the second claim. The defendants' apparatus contains all the elements of that claim. It has an elongated cylindrical case containing the registering mechanism, a shaft introduced axillary at one end, the anti-friction rollers, and the eye adapted to receive the propeller cord, all substantially in the same combination as in the patent.

Regarding the third claim there arises a serious doubt whether, in view of the state of the art, there was any invention in providing the elongated case with an attaching yoke; but it is not necessary to decide the question, for it is entirely clear that the defendants do not infringe this claim. They have no yoke at all, but simply eyes to which a rope may be attached. It is urged by the complainants that when used to form a suspending bail the rope would be the equivalent for the rigid metallic yoke of the patent. This is perhaps true, but it is insufficient to establish infringement. The mere fact that a person sells an article to which a patented device may be attached, does not make him an infringer, provided the article is not so constructed that the patented device and no other can be used with it. In the present case, the registering mechanism of the defendants may be used without infringing the third claim. For instance, if a rope were run through the eyes at right angles to the axis of the case, the ends attached to stanchions some feet apart, and the rope twisted so that it performs the functions of a torsional spring; or if through the eyes were slipped two upright parallel rods, fitted to receive them in such manner that the spindle end projects over the taffrail; or if the case were suspended from the side of the vessel by a rope attached to one eye alone,—there would be no infringement. In none of these instances would there be a "horizontal attaching yoke," or an equivalent therefor. See cases cited in *Snyder* v. *Bunnell*, 29 Fed. Rep. 47. If the defendants had sold a case without any apparatus for attaching it to the vessel, it would be but a step further in the argument to assert, that because the case must be supported in some manner, and as the trunnions and yoke of the complainants' device constitute a convenient mode of fastening, and might be selected, therefore contributory infringement had been established.

The complainants are entitled to a decree upon the second claim, for an injunction and an accounting.